IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES McINTYRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv493-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on petitioner James McIntyre's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 1. For the reasons that follow, the magistrate judge finds that McIntyre's § 2255 motion should be denied and this case dismissed with prejudice.

### I.   BACKGROUND

On November 13, 2014, McIntyre pleaded guilty under a plea agreement to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Doc. No. 10-3. The plea agreement contained a provision by which McIntyre waived his right to appeal or collaterally attack his conviction and sentence, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct. Doc. No. 10-2 at 4–5. McIntyre's presentence investigation report ("PSI") noted that he had a prior conviction that triggered an enhancement to his base offense level under U.S.S.G. § 2K2.1(a)(3): a

2006 Alabama conviction for discharging a gun into an unoccupied vehicle.[1]  Doc. No. 10-4 at 5–6, ¶ 14.  McIntyre faced a Guidelines range of 37 to 46 months.  *Id*. at 10, ¶ 49.  On February 9, 2015, the district court imposed a sentence of 46 months' imprisonment and entered its judgment.  Doc. Nos. 10-6 & 10-7.  McIntyre filed no appeal.

On June 24, 2016, McIntyre filed this § 2255 motion arguing that under the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior conviction for discharging a gun into an unoccupied vehicle no longer qualifies as a predicate for a base offense level enhancement under U.S.S.G. § 2K2.1(a)(3).  *See* Doc. No. 1 at 3–5.  He maintains he is therefore entitled to be resentenced without application of the § 2K2.1(a)(3) enhancement.

## II.   DISCUSSION

**A.   Merits of Claim Under *Johnson***

Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of fifteen years' imprisonment.[2]  18 U.S.C. § 924(e)(1).  On June 26, 2015, in *Johnson v. United States*, the Supreme Court held that the ACCA's residual clause—which covered any offense that "otherwise involves conduct that presents a serious potential rise of physical injury to

---

[1] Section § 2K2.1(a)(3) of the Sentencing Guidelines provides that defendant should receive a base offense level of 22 if "the offense involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine [and] . . . the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."  U.S.S.G. § 2K2.1(a)(3).

[2] McIntyre was convicted of violating 18 U.S.C. § 922(g), but he was not sentenced as an armed career criminal under the ACCA.  A conviction under § 922(g) normally—i.e., without application of the ACCA—carries a sentence of not more than ten years' imprisonment.  18 U.S.C. § 924(a)(2).

another"—was "unconstitutionally vague." 135 S. Ct. 2551, 2557 (2015).  Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Id*. at 2563.  In April 2016, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that the *Johnson* decision retroactively applies to cases on collateral review.

McIntyre argues that, under *Johnson*, his prior conviction for discharging a gun into an unoccupied vehicle no longer qualifies as a predicate for a base offense level enhancement under U.S.S.G. § 2K2.1(a)(3).  Doc. No. 1 at 4; Doc. No. 2 at 3–5.  That guideline provides for application of a base offense level of 22 if "the offense involved a . . . semiautomatic firearm that is capable of accepting a large capacity magazine [and] . . . *the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence* or a controlled substance offense."  *See* U.S.S.G. § 2K2.1(a)(3) (emphasis added).  Application Note 1 of the Commentary to U.S.S.G. § 2K2.1 defines a "crime of violence" as having "the meaning "given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2," which define a "crime of violence" for purposes of the career offender guideline, U.S.S.G. § 4B1.1.  The definition of a "crime of violence" in the career offender guideline is nearly identical to the definition of "violent felony" under the ACCA, including its incorporation of a residual clause encompassing crimes that "involve[ ] conduct that presents a serious potential risk of physical injury to another."[3]  *See* § 4B1.2(a)(2), *id.*, cmt. n. 1; 18 U.S.C. § 924(e)(2)(B).

---

[3] The residual clause of U.S.S.G. § 4B1.2(a)(2) was removed in the 2016 amendments to the Sentencing Guidelines.  That fact, however, is not relevant to the disposition of McIntyre's claim.

3

The crux of McIntyre's argument is that, because the residual clause definition of "crime of violence" for purposes of § 2K2.1(a)(3) (via the § 4B1.2 definition) is the same as the language of the ACCA's residual clause struck down in *Johnson*, it follows that his enhanced sentence under § 2K2.1(a)(3) is also invalid under *Johnson*. *See* Doc. No. 1 at 3–5. McIntyre's argument is unavailing.

On March 6, 2017, in *Beckles v. United States*, 137 S.Ct. 886 (2017), the Supreme Court held that the "the advisory Guidelines are not subject to vagueness challenges." 137 S.Ct. at 890. The Court reasoned that, "[u]nlike the ACCA . . . the advisory [Sentencing] Guidelines do not fix the permissible range. . . . [T]hey merely guide the exercise of a court's discretion in choosing an appropriate sentence within a statutory range." *Id*. at 892. The Court further reasoned that, unlike the ACCA, the Sentencing Guidelines "do not implicate the twin concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id*. at at 894.

Thus, the holding in *Beckles*—that the advisory Sentencing Guidelines are not subject to vagueness challenges like the one that prevailed in *Johnson* as to the ACCA's residual clause—forecloses McIntyre's *Johnson* claim challenging the use of his conviction for discharging a gun into an unoccupied vehicle as the predicate conviction for enhancement of his base offense level under U.S.S.G. § 2K2.1(a)(3).

**B.     Waiver Provision in Plea Agreement**

The government is also correct that this claim is subject to dismissal based on the collateral-attack waiver in McIntyre's plea agreement. *See* Doc. No. 10 at 6–8.

4

The written plea agreement contained a waiver provision with this pertinent language:

> DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK
>
> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground, and waives the right to attack the conviction and sentence in any post-conviction proceeding, including § 2255 proceedings and probation revocation proceedings. This waiver does not include the right to appeal or seek collateral review on the ground of ineffective assistance of counsel or prosecutorial misconduct.

Doc. No. 10-2 at 5–6. Under this provision, McIntyre waived his rights to appeal or collaterally attack his conviction and sentence, except on grounds of ineffective assistance of counsel or prosecutorial misconduct.

An appeal waiver or collateral-attack waiver is valid if a defendant enters it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Here, the magistrate judge who conducted the plea hearing specifically questioned McIntyre about the waiver provision and confirmed that he understood its terms. Doc. No.

5

10-3 at 10.  Thus, the record reflects—and McIntyre does not disprove—that McIntyre's collateral-attack waiver was knowing and voluntary.  *Bushert*, 997 F.2d at 1351.  Consequently, the undersigned agrees with the government that McIntyre's claim is barred from collateral review by the waiver provision in his plea agreement.

**C.     Statute of Limitations**

Finally, McIntyre's claim is also time-barred under the one-year limitation period in 28 U.S.C. § 2255(f), since his attempt to rely on *Johnson* is misplaced.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for filing a § 2255 motion in federal court.  28 U.S.C. § 2255(f).  A § 2255 movant generally must file his claim for relief within one year of the date when his conviction becomes final. [4]  28 U.S.C. § 2255(f)(1).  As noted above, the district court sentenced McIntyre and entered its judgment on February 9, 2015.  When a defendant files no direct appeal, as in this case, his conviction becomes final on the day when the time for filing a direct appeal expires.  *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012).  Accordingly, McIntyre's conviction became final on February 23, 2015.  *See* Fed.R.App.P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment).  Because McIntyre did not file this § 2255 motion until June 24, 2016, his motion is untimely under § 2255(f)(1).

---

[4] The § 2255(f) statute of limitations "requires a claim-by-claim approach to determine timeliness."  *See Zack v. Tucker*, 704 F.3d 917, 924, 926 (11th Cir. 2013).  "In other words, if a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision.  If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed."  *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017).

6

McIntyre cannot rely on § 2255(f)(3) to overcome this problem. Under subsection (f)(3), the one-year limitation period does not run from the date a conviction becomes final, but instead from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). McIntyre appears to assume that the *Johnson* case fits within the (f)(3) definition and also gives him a right to relief, and that his § 2255 motion is therefore not time-barred. However, as indicated above in this Recommendation, McIntyre's reliance on *Johnson* is misplaced, since McIntyre was not sentenced under the ACCA and the only provision that the Supreme Court in *Johnson* found to be unconstitutional was the residual clause of the ACCA. And as clarified by the Supreme Court in *Beckles*, the holding in *Johnson* does not extend to provisions of the advisory Sentencing Guidelines. Thus, *Johnson* does not give McIntyre any right to relief from the sentence he received, and because *Johnson* is inapplicable, the limitation period applicable to McIntyre's claim is found in § 2255(f)(1). His § 2255 motion asserting this claim is untimely.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the §2255 be denied and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before **August 1, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

      DONE this 16th day of July, 2018.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE